**FILED**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

DEC 07 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN RE: YAHOO! INC. CUSTOMER DATA
SECURITY BREACH LITIGATION

MDL No. 2752

TRANSFER ORDER

**16 2752 LHK**

    **Before the Panel:**[*] Plaintiff in one action in the Northern District of California moves under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of five actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of fourteen related federal actions.[1] All responding plaintiffs and defendant Yahoo! Inc. (Yahoo) support centralization in the Northern District of California.

    On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions share complex factual questions arising from Yahoo's announcement on September 22, 2016, that a data security breach of its network occurred in late 2014 in which the personal account information of at least 500 million Yahoo users was stolen. Common factual questions are presented with respect to Yahoo's practices in safeguarding its users' personal information, the investigation into the breach, the alleged delay in disclosing the breach, and the nature of the alleged damages. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

    We conclude that the Northern District of California is an appropriate transferee district for this litigation. Defendant Yahoo's corporate headquarters is located within the district, and therefore relevant documents and witnesses are likely to be located there. The majority of actions are pending there, and all responding parties agree that this district will serve the convenience of the parties and witnesses. Judge Lucy H. Koh, to whom we assign this litigation, is an experienced transferee judge, and we are confident she will steer this litigation on a prudent course.

---

    [*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

    [1] The related actions are pending in the Northern District of California, Southern District of California, Northern District of Illinois, and the Southern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lucy H. Koh for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: YAHOO! INC. CUSTOMER DATA
SECURITY BREACH LITIGATION                                    MDL No. 2752

## SCHEDULE A

Northern District of California

SCHWARTZ v. YAHOO! INC., C.A. No. 5:16-05456
SVENTEK v. YAHOO! INC., C.A. No. 5:16-05463
MCMAHON v. YAHOO! INC., C.A. No. 5:16-05466

Southern District of California

MYERS, ET AL. v. YAHOO! INC., C.A. No. 3:16-02391

Southern District of Illinois

HAVRON, ET AL. v. YAHOO, INC., C.A. No. 3:16-01075